IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHEON ANTHONY POLK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0022 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AS TIME-BARRED

Came for consideration the above-entitled motion filed by respondent on April 5, 2012. By his motion, respondent requests the Petition for a Writ of Habeas Corpus filed by petitioner SHEON ANTHONY POLK be dismissed as time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion to dismiss should be GRANTED.

### I.
### PROCEDURAL HISTORY

On March 8, 2006, in the 47th Judicial District Court of Potter County, Texas, petitioner was indicted with the 2nd degree felony offense of possession of a controlled substance in a drug free zone, a 2nd degree felony offense of possession of a controlled substance, and a 3rd degree felony offense of possession of a controlled substance, said offenses alleged to have occurred on October 5, 2005, October 13, 2005, and November 7, 2005, respectively. *State v. Polk*, No. 52,538, 52,536 and 52,537. Each indictment contained an enhancement paragraph alleging a prior felony conviction. On May 25,

2006, petitioner was indicted for a 3rd degree felony offense of possession of a controlled substance in a drug free zone, enhanced, said offense alleged to have occurred on October 5, 2005. *State v. Polk*, No. 53,105.

On April 24, 2006, the State forwarded correspondence to petitioner's attorney extending a plea offer of twenty (20) years confinement in exchange for petitioner's guilty plea and judicial confession in each of the four (4) cause numbers. The offer stated the "sentences may run concurrent with his Randall County case(s)." The offer further stated it was contingent upon petitioner accepting it and entering the pleas on or before May 8, 2006, and no further criminal history being found. The offer further stated, "If the offer is not accepted by that time the offer is withdrawn and this matter will be set for trial. If these matters are tried there will be separate trials and the State will seek cumulative sentencing as to each charge."

On June 21, 2006, petitioner entered pleas of guilty to all charged offenses. The State's written punishment recommendation in each case, however, was imprisonment for a term of fifteen (15) years and a fine of $100 in each cause number. The state trial court accepted petitioner's guilty pleas and adjudicated petitioner guilty of the charged offenses. In each of the two Judgments entered for the two possession of a controlled substance in a drug free zone offenses, the state trial court assessed petitioner's punishment at fifteen (15) years imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID) and a $100 fine, said sentences to run concurrently with each other and to be credited for time served. *State v. Polk*, Nos. 52,538 and 53,105. In each of the two Judgments entered for the two possession of a controlled substance offenses, the state trial court assessed petitioner's punishment at fifteen (15) years imprisonment in TDCJ-CID and a $100 fine. The judgments in these cases, however, provided those sentences were cumulative and would begin only when the 15-year sentence in Cause No. 52,538 was completed. *State v. Polk*, Nos. 52,536 and 52,537.

Petitioner also waived direct appeal after sentence was imposed in accordance with the plea bargain agreement with the State. Nonetheless, petitioner filed a notice of appeal for each conviction and sentence. On October 17, 2006, the Court of Appeals for the Seventh District of Texas dismissed petitioner's appeals pursuant to Rule 25.2(d) of the Texas Rule of Appellate Procedure (which requires an appeal be dismissed if a certification showing the defendant has a right to appeal has not been made part of the record). *Polk v. State*, No. 07-06-0272-CR.

From the date of his arrival at a TDCJ-CID unit until some point in time between August 16, 2010 and September 16, 2010,[1] all of petitioner's sentences were calculated as concurrent sentences.[2] On November 14, 2010, petitioner received correspondence from his then parole attorney advising petitioner that the attorney had confirmed that some of his 15-year sentences were running consecutively.

On October 12, 2011, petitioner filed four (4) state applications for writs of habeas corpus challenging his sentences in Cause Nos. 52,536 and 52,537. *Ex parte Polk*, Cause Nos. 76,790-01, -02, -03 and -04. In those state habeas applications, petitioner challenged the stacking of the 15-year sentences assessed in Cause Nos. 52,536 and 52,537 (the possession of a controlled substance convictions) on the 15-year sentence assessed in Cause No. 52,538 (the possession of a controlled substance in a drug free zone conviction). Petitioner alleged a breach of the plea agreement, ineffective assistance of counsel, and abuse of discretion of the state trial court judge. On November 10, 2011, the State filed an answer denying the allegations in petitioner's state habeas applications arguing his sentences in Cause Nos. 52,536 and 52,537 were "mandatorily cumulated with his drug

---

[1] A time sheet dated September 16, 2010 reflects petitioner's sentence of record as 30 years with a maximum expiration date of November 4, 2035. It is unclear whether petitioner obtained this time sheet or if his then parole attorney obtained the time sheet.

[2] On September 22, 2009, petitioner was convicted in Randall County, Texas of the offense of possession of a controlled substance with intent to deliver in a drug free zone, and sentenced to twenty years imprisonment. Petitioner's 20-year sentence was to run concurrently with his 15-year sentences.

free zone sentence in Cause [No.] 52,538-A pursuant to section 481.134(h) [of the Texas Health and Safety Code] which makes [it] mandatory that punishment for a crime committed under the section may not run concurrently with 'a conviction under any other criminal statute." The State maintained that since petitioner's sentences in Cause Nos. 52,536 and 52,537 were not based upon section 481.134 governing drug-free zones, they fell into the category of "conviction[s] under any other criminal statute." On December 7, 2011, the Texas Court of Criminal Appeals denied petitioner's applications without written order.

Through at least August 16, 2010, petitioner's sentences were being calculated as concurrent sentences. Apparently, at some point after August 16, 2010 but prior to September 16, 2010, TDCJ-CID began calculating the sentences in Cause Nos. 52,536 and 52,537 as cumulative to Cause No. 52,538. Petitioner avers he did not learn of the cumulation of his sentences until November 14, 2010 when his parole attorney advised him of the cumulation of the sentences.

On January 18, 2012, petitioner filed with this Court, the instant federal petition for a writ of habeas corpus.[3] On April 5, 2012, respondent filed a motion to dismiss petitioner's federal habeas application with prejudice pursuant to 28 U.S.C. § 2244(d). On May 2, 2012, petitioner filed a response in opposition to respondent's motion.

## II.
## PETITIONER'S CLAIMS

Petitioner claims his sentences are in violation of the United States Constitution because:

1. Petitioner's plea bargain agreement was violated by the sentences in Cause Nos. 52,536 and 52,537 being ordered to run after the completion of the sentence in Cause No. 52,538;

2. Trial counsel was ineffective in failing to prevent the assessment of the sentences in Cause Nos. 52,536 and 52,537 and/or for giving erroneous advice as to the punishment petitioner would receive; and

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

    3.    The state trial court abused its discretion in ordering the sentences in Cause Nos. 52,536 and 52,537 to run only after the completion of the sentence in Cause No. 52,538.

## III.
## TIMELINESS OF PETITIONER'S HABEAS APPLICATION

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period in which to file an application for a federal writ of habeas corpus by a person in custody pursuant to a state court judgment. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on

collateral review, 28 U.S.C. § 2244(d)(1)(C). Consequently, the statutory time period in this case either began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, " *see* 28 U.S.C. § 2244(d)(1)(A), or the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

In his response to respondent's motion to dismiss, petitioner argues he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. Petitioner argues he did not discover the factual predicate of his claims until November 14, 2010 (a Sunday) when he received correspondence from his parole attorney confirming that certain sentences were stacked.[4]

Utilizing November 14, 2010 as the date petitioner discovered his sentences had been ordered to run consecutively and as the beginning of the one-year limitation period, any federal habeas application was due on or before November 14, 2011. On October 12, 2011, after 10 months and 29 days (331 days) had passed after discovering the basis for his claims, petitioner filed, with the state trial court, his state habeas applications challenging his sentences. These petitions were denied December 7, 2011. Consequently, petitioner's federal habeas application was due on January 11, 2012 (34 days later). Petitioner did not file his federal habeas application until January 18, 2012, after the limitation period for filing a federal habeas application had expired.

Respondent has not addressed the merits of petitioner claims, and this Court does not have a transcription of the state trial court sentencing hearing reflecting the court's admonishments pertaining to petitioner's sentences or the oral pronouncement of the sentences of the sentences. However, based

---

[4]Petitioner acknowledges, however, that he received the September 16, 2010 time sheet reflecting the cumulated 30-year sentence. The Court, solely for purposes of determining the limitations question, will use the November 14, 2010 date.

solely on the State's written plea offer and the written admonishments, it is plausible petitioner's claims may have merit. The fact that a claim may have arguable merit, however, does not excuse the failure to request federal habeas relief timely.

Petitioner has not shown such extraordinary circumstances as to warrant the application of equitable tolling. Equitable tolling applies principally where the petitioner is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Nothing in the record suggests petitioner was "actively misled" by anyone concerning the filing of his federal habeas application after discovering the basis for his claims, nor does the record indicate he was prevented in any way from timely asserting his federal habeas corpus rights. As petitioner has not shown any other tolling provisions save his federal habeas application, it should be dismissed as time barred. Petitioner has not provided any authority, and the Court is not aware of any authority, allowing equitable tolling in a case where a potentially meritorious claim is presented. Accordingly, it is the opinion of the undersigned Magistrate Judge that respondent's motion to dismiss be GRANTED, and petitioner's federal habeas application be dismissed as time barred.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent RICK THALER be GRANTED, and that the petition for a writ of habeas corpus filed by petitioner SHEON ANTHONY POLK be dismissed as time barred.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).